Curtis Mfg. v. Saxon Group          CV-94-559-SD   11/29/95
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Curtis Manufacturing Co., Inc.,
 as successor in interest to
Nuby Manufacturing Co.


           v.                              Civil No. 94-559-SD


The Saxon Group, Inc., et al


                           O R D E R


     Plaintiff Curtis Manufacturing Co., Inc. (Curtis), moves
pursuant to  Rule 36(b), Fed. R. Civ. P., for permission to
withdraw any admissions deemed made by it for failure to timely
respond to a request for such admissions made under Rule 36(a),
Fed. R. Civ. P., and to permit filing of late responses to such
requests.  Documents 24.1, 24.2.[1]  Defendants Key Sales & Supply

_____

     [1]Rule 36(a), Fed. R. Civ. P., provides:

     **(a) Request for Admission.**  A party may serve upon
     any other party a written request for the admission,
     for purposes of the pending action only, of the truth
     of any matters within the scope of Rule 26(b)(1) set
     forth in the request that relate to statements or
     opinions of fact or of the application of law to fact,
     including the genuineness of any documents described in
     the request.  Copies of documents shall be served with
     the request unless they have been or are otherwise
     furnished or made available for inspection and copying.

Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Rule 36(b), Fed. R. Civ. P., provides:

**(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and

2

Company, Inc., and Sheldon Wiener (hereinafter, collectively, "Key Sales") object. Document 25.

This action, previously assigned to Judge Loughlin, seeks to recover damages for what plaintiff contends were fraudulent misrepresentations made by Key Sales as to the credit status of the now-defaulted defendant The Saxon Group, Inc.[2] Accordingly, on July 19, 1995, Key Sales served its requests for admissions on counsel for plaintiff.

Subsequently, plaintiff's counsel requested, and counsel for Key Sales agreed to, extensions of time for filing of answers to the requests to September 15, 1995. On the latter date, plaintiff's counsel represented in a letter to counsel for Key Sales that the person who must respond to the requests would be without the country until September 19, 1995. A further extension was granted for an additional week.

However, no response to the requests for admissions nor to an October 3, 1995, letter from counsel for Key Sales was made

_____

the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

[2]All defendants, with the exception of the Key Sales parties, have been defaulted, and judgments have been entered against them accordingly.

until, by letter of October 19, 1995, plaintiff's counsel set forth contradictory reasons for asking for further extension. The October 19 letter concluded with a statement that plaintiff's counsel would be able to respond to discovery requests within 60 days.

Were this case closer to trial, and had a final pretrial been held, the court would not countenance such obviously dilatory tactics on the part of plaintiff's counsel.[3] In such circumstances, the two-part test of Rule 36(b), supra note 1, permits the granting of a motion such as that here before the court only when such ruling is necessary to prevent manifest injustice. Farr Man & Co., Inc. v. M/V Rozita, 903 F.2d 871, 875-76 (1st Cir. 1990). But as there is considerable time left for the completion of discovery, and noting the Advisory Committee preference for resolution of actions on their merits, id. at 876, the court herewith grants the motion on the condition that, if not yet served on defendant's counsel, all responses to

_____

[3]The current trial schedule set by Judge Loughlin in an order of June 13, 1995, provides for close of discovery by April 1, 1996, the filing of dispositive motions by May 1, 1996, and trial readiness after July 1, 1996. Document 18.

4

the requests for admissions shall be filed within ten (10) days of the date of this order.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 29, 1995

cc:  Thomas F. Kehr, Esq.
     James F. Coffey, Esq.
     Wilbur A. Glahn III, Esq.
     Michael A. Nedelman, Esq.